UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF
FLORIDA WEST PALM BEACH DIVISION

CATIANA FLEURANVIL,

    Plaintiff,

                              Civil Action No.

-against-

THE JOSEPH L. MORSE HEALTH

CENTER INC.,

    Defendant.

_____

## COMPLAINT

Plaintiff, Catiana Fleuranvil, by and through her counsel, Tomasello Legal, P.A. hereby complains of the Respondent, The Joseph L. Morse Health Center Inc., and alleges as follows:

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female). Plaintiff the Catiana Fleuranvil ("Plaintiff) alleges that Defendant, The Joseph L. Morse Health Center Inc. ("THE CENTER"), discriminated against her because of her pregnancy, a condition of her sex (female), retaliated against her for complaining about the discrimination, and discharged.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because a substantial part of the events giving rise to Title VII violations occurred in West Palm Beach, Florida, which is within the jurisdiction of the U.S. District Court for the Southern District of Florida, West Palm Beach Division.

## PROCEDURAL PREREQUISITES

3. Plaintiff filed a charge of discrimination which is the basis of this Complaint with the Equal Employment Opportunity Commission ("EEOC").

4. Plaintiff received Notice of Right to Sue from EEOC, dated 9/24/2020, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

5. This Action is being commenced within 90 days of the receipt of said Notice of Rights.

## PARTIES

6. At all times relevant hereto, Plaintiff CATIANA FLEURANVIL (hereinafter "Plaintiff") is a female and a resident of Palm Beach County, Florida.

4. Defendant THE JOSEPH L. MORSE HEALTH CENTER, INC (hereinafter "Defendant") is a not-for-profit corporation duly registered to do business in Florida.

## STATEMENT OF FACTS

5. On or around 2014 Plaintiff began her employment with Defendant.

6. On or around 2018 Plaintiff learned she was pregnant.

7. On or around September 2018, Plaintiff suffered a miscarriage.

8. At all times material, Plaintiff was forced to miss work due to her miscarriage.

9. At all material times, Plaintiff returned to work and provided a Doctor's note as evidence of her miscarriage.

10. At all times relevant Plaintiff was written up by Defendant's representative Milly whom was Plaintiff's manager at the time.

11. At all material times, this was Plaintiff's first ever disciplinary action by Defendants in her 4 year tenure at the company.

12. At all material times, Plaintiff did not sign the "write-up" because she did not agree with Defendant's actions to ignore her Doctor's note and disregard her recent medical condition.

13. At all times material, Plaintiff felt humiliated and hurt because she had just lost a baby and her employer was retaliating against her for her loss.

14. At all times relevant, Defendant further retaliated against Plaintiff by moving her out of her department into another department.

15. Despite Defendant's retaliatory actions, Plaintiff continued her employment.

16. Plaintiff continued working but felt extremely distressed mentally and emotionally as she did not expect Defendant's actions towards her after losing her baby.

17. On or around January 2019, Plaintiff was again elated with the news of a new pregnancy.

18. At all material times, Plaintiff was having pregnancy related complications.

19. On or around February 2019, Plaintiff had to go to the emergency room.

20. Plaintiff was so scared to lose her pregnancy and was under a lot of distress.

21. Plaintiff was forced to miss work due to this emergency.

22. Due to Plaintiff's pregnancy and complications she was in and out of the emergency room.

23. On or around March 4, 2019, Defendant terminated Plaintiff's employment.

24. Plaintiff had provided a Doctor's note for each and every absence she was forced to have due to her pregnancy and the issues she was undergoing.

25. Defendant maliciously disregarded Plaintiff's condition and instead of accommodating her Defendant terminated Plaintiff.

26. Defendant made no assessment of Plaintiff's condition and/or if any reasonable accommodation could have been made.

27. Upon information and belief, Defendant is aware of their obligations under Title VII and Americans with Disabilities Act.

28. Defendant discriminated against Plaintiff because of her gender.

29. It is clear and apparent that Defendants discriminated against Plaintiff because she was once again pregnant.

30. Defendant only had issues with Plaintiff when she was pregnant.

31. Defendant's discriminatory and retaliatory termination of Plaintiff's employment was due to her pregnancy.

32. As a result of defendant's actions Plaintiff feels extremely humiliated, victimized, embarrassed and emotionally distressed.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entailed, the Plaintiff also suffered future pecuniary

damages, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losse. Plaintiff further experienced severe emotional and physical distress.

34. As a result of the above, Plaintiff has been damaged in an amount to be determined by the courts.

35. Defendants' conduct has been malicious, willful, outrageous and conducted with full knowledge of the law. As such Plaintiff demands punitive damages.

**AS A FIRST CAUSE OF ACTION FOR**

**<u>DISCRIMINATION UNDER TITLE VII</u>**

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

37. <u>Title VII of the Civil Rights Act of 1964</u>, as amended <u>42 U.S.C.</u> § 2000e(k) provides, in pertinent part, that:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 USCS § 2000e-2(h)] shall be interpreted to permit otherwise.

38. This claim is authorized and instituted pursuant to the provisions of <u>Title VII</u>, for relief based upon the unlawful employment practices of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy complications and accommodation request.

39. Defendants violated the sections cited herein as set forth.

40. At all times relevant to the Complaint, while employed, Plaintiff endured a discriminatory work environment insofar as Plaintiff was subjected to differential treatment, discriminatory/unfair disciplines, adverse employment actions, scrutiny and other discriminatory/retaliatory actions– due to Plaintiff's pregnancy, gender/sex and disabilities.

41. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et. seq.*, by discriminating against Plaintiff because of her gender (pregnancy).

## AS A *SECOND* CAUSE OF ACTION

## <u>FOR RETALIATION UNDER TITLE VII</u>

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation,

proceeding, or hearing under this subchapter.

44. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating and retaliating against Plaintiff with respect to the terms, conditions or privileges of employment.

## AS A *THIRD* CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

46. Plaintiff asserts that Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended.

47. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states:

> (a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

48. Plaintiff's high-risk pregnancy qualifies as a disability within the meaning of the ADA.

49. Plaintiff had, and/or Defendants perceived that she had, a physical or mental impairment that substantially limits one or more of her major life activities.

50. But for Plaintiff's disability, **perceived disability** and/or need for a reasonable accommodation, Defendants would not have terminated her employment.

51. Plaintiff has further experienced severe emotional and physical distress.

52. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *FOURTH* CAUSE OF ACTION FOR *RETALIATION*
### UNDER THE AMERICANS WITH DISABILITIES ACT

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. The ADA prohibits retaliation, interference, coercion, or intimidation against employee, who engages in protected activity.

55. 42 U.S.C. § 12203 provides:

    Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under the chapter.

    Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any

8

right granted or protected by the chapter.

56. Defendants were aware that Plaintiff was pregnant and that her pregnancy was high risk.

57. This protected activity should put Defendants on notice that reasonable accommodation should be made for Plaintiff.

58. However, Defendants did not make any reasonable accommodation for Plaintiff.

59. Defendants retaliated against Plaintiff by discharging Plaintiff's employment.

60. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

## PUNITIVE DAMAGES

61. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

62. As such, punitive damages are appropriate as a result of Defendants' above-described conduct and Plaintiff demands Punitive Damages against Defendant.

## JURY DEMAND

63. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the **Title VII of the Civil Rights Act of 1964**, **Americans with Disabilities Act**, in that Defendants discriminated against Plaintiff on the basis of her disability, pregnancy and gender:

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants

unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages related to injuries suffered as per Plaintiff's State-law claims;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Palm Beach, Florida
December 28, 2020

                                 **TOMASELLO LEGAL, P.A.**

By: /s/ Christine Tomasello
Christine M. Tomasello, Esq.
*Attorney for the Plaintiff*
10299 Southern Blvd, Unit #212451
Royal Palm Beach, FL 33411
Phone: (561) 755-9070
Attorney for Plaintiff
Christine.tomasellolegal@gmail.com

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Catiana Fleuranvil<br>548 SE 1st Street<br>Belle Glade, FL 33430 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-04332 | MARISSA COSCULLUELA,<br>Investigator | (786) 648-5844 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Elizabeth S. Henderson_       9/24/20

Enclosures(s)    For:   BRADLEY A. ANDERSON,<br>Acting District Director     (Date Mailed)

cc:

THE JOSEPH L. MORSE LIFE CENTER

c/o Ms. Antoinette Theodossakos, Esq.<br>
SAUL EWING ARNSTEIN AND LEHR LLP<br>
515 N. Flagler Drive, Suite 1400<br>
West Palm Beach, FL 33401

Ms. Christine Tomasello, Esq.<br>
Gordon & Partners<br>
3309 Northlake Blvd., Ste. 207<br>
Palm Beach Gardens, FL 33403